UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

v.                                                      Case No. 20-cv-1201-bhl

ERICA DERKSEN,

                Defendant.

---

## DECISION AND ORDER

---

        Jovan Williams, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendant violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

        On August 14, 2020, Chief Judge Pepper (to whom the case was assigned at that time) ordered the plaintiff to pay an initial partial filing fee of $0.91. Dkt. No. 6. The plaintiff paid that fee on August 31, 2020. The court will grant the plaintiff's motion for leave to proceed without

prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570

F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. The Plaintiff's Allegations**

The plaintiff alleges that, on July 1, 2018, while the defendant was picking up the mail, the plaintiff called her to his cell door and showed her a paperclip. Dkt. No. 1 at 2. The plaintiff told her to take it from him because he was having urges to hurt himself. *Id.* The plaintiff says the defendant said, "That's it," and walked to the other side of the range. *Id.* at 3. According to the plaintiff, another inmate called to the defendant to come back and pick up his mail. *Id.* The plaintiff says the defendant returned to get the other inmate's mail. *Id.*

The plaintiff states that, at that point, he got the defendant to come back to his cell. *Id.* The plaintiff states that he again showed the defendant the paperclip and asked her to take it so he would not hurt himself with it. *Id.* The defendant allegedly said no. *Id.* The plaintiff said he told her he was "about to engage in self-harming activities with this sharp object by cutting himself." *Id.* The plaintiff says that the defendant did not follow institution policies and protocols. *Id.* Instead, she said, "Really, now, I don't have time for this, I'm about to go home." *Id.*

The plaintiff states that the defendant walked away, and he began to cut his left wrist as she rolled her eyes. *Id.* The plaintiff asserts that she did not report the incident. *Id.* The plaintiff allegedly covered his window with blood and then fainted on his bed after he overdosed on about ten pills. *Id.* The plaintiff states that he was found during third shift (it is unclear how much time had passed or who found him) and that health services staff gave him medical treatment. *Id.* at 3-4.

3

The plaintiff states he asked Sergeant Fisher (who is not a defendant) if the defendant had reported the plaintiff's threats of self-harm. *Id.* at 5. According to the plaintiff, Fisher said she had not. *Id.* The plaintiff states that staff took pictures of his wounds and that the cameras on the range recorded the incident. *Id.*

**C. Analysis**

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The principle derives from the fact that a prison inmate must rely on prison authorities to protect him from threats to his health and safety—whether illness, injury, or other inmates—that by reason of his confinement he is unable to protect himself [from]." *Kupsky v. McLaren*, Case No. 18-C-385, 2018 WL 2208324, at *3 (E.D. Wis. May 14, 2018).

The plaintiff does not claim that the defendant failed to protect him from a threat of harm from some external source; he claims that she failed to protect him from the threat of harm he posed to himself. As other judges in this district have acknowledged, claims like these are becoming all too common. A prisoner will "claim that he suffers from a mental disorder which, though not so severe as to relieve him of responsibility for the crime that led to the sentence he is serving, relieves him of all responsibility for the self-destructive behavior he engages in while serving his sentence and renders those entrusted with his care responsible for any harm he does to himself. *Kupsky*, 2018 WL 2208324 at *3.

While some inmates suffer from mental health conditions that make it difficult if not impossible for them to control self-destructive urges, other inmates use threats of self-harm as a

4

way of manipulating staff to get what they want or to exert some control over their environment. *See Bowers v. Pollard*, 602 F. Supp. 2d977, 993 (E.D. Wis. 2009). The latter set of inmates present prison staff with a dilemma that has no easy solution. *Id.* Obviously prison officials cannot give inmates seeking to manipulate them the power and control they demand. *Id.*; *Goodvine v. VandeWalle*, Case No. 16-C-890, 2018 WL 460121, at *9 (E.D. Wis. 2018) (noting that holding guards responsible for self-harm by legally sane inmates creates a perverse financial incentive for inmates to injure themselves).

While the court cannot infer at this stage what motivated the plaintiff to engage in self-harm, the court notes that the plaintiff has recently filed other complaints making similar allegations. The plaintiff threatens to hurt himself, waits for a reaction, makes additional threats, and then cuts himself or swallows some pills when he does not get the reaction he wants. The fact that the plaintiff has filed multiple lawsuits with the same fact pattern suggests that his threats may be motivated by something other than a genuine desire for help.

Still, based on the allegations in the plaintiff's complaint, which at this stage the court must construe in the plaintiff's favor and assume to be true, the court finds that he may proceed against the defendant on a claim under the Eighth Amendment. The plaintiff alleges that he twice told the defendant he was going to hurt himself and she ignored him, so he cut himself, causing a severe injury. These allegations are sufficient for the plaintiff to state a claim. If discovery disproves his allegations, however, he may lose on summary judgment. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

5

Case 2:20-cv-01201-BHL-SCD   Filed 10/01/20   Page 5 of 7   Document 8

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Erica Derksen. Under the informal service agreement, the court **ORDERS** the defendant to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $349.09 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

Dated at Milwaukee, Wisconsin this 1st day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge